# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | John A. Nordberg | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 10 C 5367 | **DATE** | 6/16/2011 |
| **CASE TITLE** | Marius Moldovan vs. Federal Deposit Insurance Corp. as Receiver for First DuPage Bank | | |

**DOCKET ENTRY TEXT**

The FDIC as Receiver's Motion to Dismiss [11] is denied. This case will be assigned to the Magistrate Judge for supervision of discovery and the entry of a pretrial scheduling order. Plaintiff's recently filed motion for summary judgment [21] is denied without prejudice as being premature because the parties have not yet conducted discovery.

■[ For further details see text below.]

Docketing to mail notices.

## STATEMENT

Plaintiff Marius Moldovan, proceeding *pro se*, filed this lawsuit against the Federal Deposit Insurance Corporation in its capacity as Receiver for First DuPage Bank ("FDIC"). He alleges that he was part of an investment group seeking to purchase an apartment building in Chicago located at 6015 S. Indiana. First DuPage Bank had foreclosed on the property and was allegedly marketing it to potential investors. (Cmplt. ¶ 7.) Plaintiff alleges he wrote a check for $25,000 and gave it to a man named Matthew Bowker of the Wellington Realty Group, Inc. who delivered the check and other documents to the bank. (*Id.* ¶¶ 8-9.) The bank allegedly deposited the check "into an account for the benefit of the parties." (*Id.*) The bank never accepted the offer and ceased doing business on October 23, 2009. The bank is now under receivership of the FDIC. Plaintiff has repeatedly demanded return of the money but the FDIC has allegedly refused to return it. (¶¶ 10-11.) Plaintiff now seeks $25,000 plus interest. Plaintiff attached a number of documents to his complaint including a copy of a $25,000 check made out to First DuPage Bank which lists in the subject line – "6015 S. Indiana payment." (Cmplt. p. 10.)

In its opening brief, the FDIC makes two arguments for dismissal. First, it argues there is "insufficient documentation" of any agreement showing plaintiff had a right to get back his $25,000. (FDIC Mem. at 3.) Second, it argues plaintiff cannot recover under an alternative theory that he is an insured depositor because he has sued the wrong FDIC entity. Specifically, the FDIC states that plaintiff has sued the FDIC as a receiver of the bank and that he would have to sue the FDIC in its corporate capacity. (FDIC Mem. at 5, *citing Federal Deposit Ins. Corp. v. Ernst & Young LLP*, 374 F.3d 579, 581 (7th Cir. 2004) (distinguishing between FDIC acting in its capacity as a receiver versus acting in its corporate capacity: "FDIC-Receiver steps into the shoes of the failed bank and is bound by the rules the bank itself would counter in litigation.").)

In his response brief, plaintiff responds to the insufficient documentation point by attaching a copy of the written offer that was allegedly given to the bank along with the $25,000 check. He also states that he is making a claim for unjust enrichment. He further states that he become a "de facto" depositor and established

an "account relationship" with the bank while waiting for the bank to accept the offer. (Pl. Resp. at 3.)

In its reply, the FDIC complains repeatedly about plaintiff's description of the facts, asserting that some of them are inaccurate and that plaintiff "fails to include other, related facts that are necessary for a full understanding of the factual circumstances of the case." (FDIC Reply at 2.) The FDIC also complains that the written offer submitted with the response brief was not attached to the original complaint. (*Id.* at 2, 5.) As for this written offer, the FDIC points out what it believes are inconsistencies, noting that the written offer refers to another person in addition to plaintiff and that the line referring to an increase in earnest money from $10,000 to $25,000 is not completely filled in. *Id.* at 5. In sum, the FDIC repeatedly faults plaintiff for not "sufficiently" alleging the existence of an agreement. The FDIC also argues plaintiff has not alleged enough facts to establish unjust enrichment because, again, the allegations aren't "specific" enough according to the FDIC. (*Id.* at 6.) In particular, the FDIC faults plaintiff for not alleging that the FDIC's alleged retention of plaintiff's money violates principles of justice, equity, or good conscience.

In reviewing these briefs, we conclude that the FDIC's motion essentially raises fact questions not suitable for resolution on a motion to dismiss. The FDIC's assertion that plaintiff failed to include "sufficient" allegations confirms this conclusion, as does its assertion that additional contextual facts "are necessary for a full understanding" of what happened. The discovery process is the way to get a more complete understanding of what happened, and that is what the parties should now turn to. There is a cashed check, which should provide the parties a clear starting point for trying to understand the circumstances surrounding the alleged offer. If plaintiff is correct that the First DuPage Bank took the $25,000 and gave nothing in return, which is what we must assume on a motion to dismiss, then this enough to survive a motion to dismiss on an unjust enrichment claim. As for the FDIC's claim that plaintiff has not included all his allegations into his complaint (as opposed to putting them in his brief) and its claim that plaintiff has not named the right FDIC entity to assert a claim as a depositor, the better approach is to give plaintiff leave to file an amended complaint to correct these problems. Finally, although the FDIC's briefs were devoted mostly to factual arguments, it did at one point in its reply brief (footnote 4 on p. 7) make a brief reference to a legal argument when it asserted generally that it has broad authority to dispose of assets in any way it deems appropriate. But this argument, raised in a footnote, was not developed. This and other arguments can be re-asserted later (if appropriate) in a motion for summary judgment at which time the parties and the Court will have a benefit of better-developed facts. For now, although the story told by plaintiff raises some questions, he has alleged enough to move forward with discovery.